UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LEE<br><br>　　　　Plaintiff<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. 2:17-cv-03230-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Anthony Lee ("Plaintiff") filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of his application for Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 11, 13] and briefs addressing disputed issues in the case [Dkt. 17 ("Pltf.'s Br.") and Dkt. 19 ("Def.'s Br."), Dkt. 20 ("Pltf.'s Reply").] The Court has taken the parties' briefing under submission without oral argument. For the reasons set forth below, the Court affirms the decision of the ALJ and orders judgment entered accordingly.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On January 31, 2014, Plaintiff filed an application for SSI, alleging that he became disabled as of December 1, 2012. [Dkt. 16, Administrative Record ("AR")

23, 169-178.] The Commissioner denied his initial claim for benefits on July 2, 2014 and upon reconsideration on October 13, 2014. [AR 75-95.] On January 26, 2016, a hearing was held before Administrative Law Judge ("ALJ") Richard T. Breen. [AR 36-73.] On May 4, 2016, the ALJ issued a decision denying Plaintiff's request for benefits. [AR 23-35.] Plaintiff requested review from the Appeals Council, which denied review on March 1, 2017. [AR 1-7.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. §§ 416.920(b)-(g)(1). At step one, the ALJ concluded that Plaintiff has not engaged in substantial gainful activity since January 31, 2014, the application date. [AR 25.] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: status post left foot ganglion cyst removal; bilateral knee osteoarthritis; and obesity. [*Id.* (citing 20 C.F.R. § 416.920(c)).] Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [AR 26 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 416.920(d), 416.925, and 416.926).]

The ALJ found that Plaintiff had the following residual functional capacity (RFC):
> [L]ight work as defined in 20 CFR 416.967(b) except he can only occasionally climb, kneel, crouch and/or crawl.

[AR 26-27.] Applying this RFC, the ALJ found that Plaintiff was unable to perform past relevant work, but determined that based on his age (51 years old at the time of application), limited education, and ability to communicate in English, he could perform representative occupations such as cashier II (Dictionary of Occupational Titles ("DOT") 211.462-010), shoe packer (DOT 920.687-166), and storage clerk (DOT 295.367-026) and, thus, is not disabled. [AR 30-31.]

///
///

## III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

## IV. DISCUSSION

Plaintiff's sole claim is that the ALJ improperly found Plaintiff's testimony not fully credible. [Pltf.'s Br. at 6-11.]

In response to a pain questionnaire, Plaintiff stated that he has left knee and left foot pain as well as migraines.[1] Plaintiff reported that his left extremity pain is aggravated by walking, wearing shoes, and not keeping his leg elevated. [AR 209-210.] Plaintiff also stated in his function report that he is unable to stand for prolonged periods and "walking is a struggle." [AR 213.] Plaintiff needs to sit down in order to shave and get dressed. [AR 214.] He uses a cane, crutches, and walker to assist with mobility. [AR 219.] Plaintiff testified at the hearing that he "can't stand up too good" and wears two knee braces, which his doctor prescribed. [AR 49-50.] Plaintiff testified that his knees and left foot are weak and he can stand for only twenty minutes and walk for fifteen to twenty minutes. [AR 49.] In addition, he needs to elevate his leg when he sits to alleviate the pain. [AR 49-50.]

The ALJ found Plaintiff's subjective symptom testimony not fully credible. [AR 27.] The ALJ noted that although Plaintiff's medically determinable

---

[1] The ALJ found that Plaintiff's migraines were not a severe impairment. [AR 25.] Plaintiff does not challenge this finding.

3

impairments could reasonably be expected to cause some of Plaintiff's alleged symptoms, Plaintiff's allegations concerning the intensity, persistence, and limiting effects of his symptoms were not credible to the extent alleged. [*Id.*] "Where, as here, an ALJ concludes that a claimant is not malingering, and that []he has provided objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms alleged, the ALJ may 'reject the claimant's testimony about the severity of h[is] symptoms only by offering specific, clear and convincing reasons for doing so.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492-93 (9th Cir. 2015) (internal quotation omitted). Even if "the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony," if he "also provided valid reasons that were supported by the record," the ALJ's error "is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (internal quotation omitted).

"The ALJ may consider many factors in weighing a claimant's credibility, including (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Tomasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (internal citations and quotations omitted); *see also Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (explaining that acceptable bases for credibility determination include (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition).

4

Here, the ALJ gave four reasons to discount Plaintiff's credibility: (1) Plaintiff's daily living activities are inconsistent with his subjective complaints and alleged limitations; (2) Plaintiff's poor work history; (3) Plaintiff's failure to seek treatment; and (4) lack of objective evidence to support Plaintiff's claim of severe limitations. As discussed below, the ALJ offered legally sufficient reasons to support the adverse credibility determination.

**A. Plaintiff's Performance of Daily Activities**

First, the ALJ found that Plaintiff's subjective complaints and alleged limitations are not consistent with his ability to perform a wide range of activities of daily living. [AR 29.] Plaintiff does not challenge this rationale in his opening brief. [Pltf.'s Br. at 1-11.] However, in his reply brief, Plaintiff states that the ALJ did not describe how any of Plaintiff's daily activities would "include standing or walking for six hours in an eight-hour day." [Pltf.'s Reply at 5.]

Essentially, Plaintiff challenges whether his daily activities meet the threshold for light work (*i.e.*, standing or walking for six hours in an eight-hour day). [Pltf.'s Reply at 5.] However, an ALJ may rely on a claimant's daily activities to support an adverse credibility determination when those activities: (1) "contradict [the claimant's] other testimony"; *or* (2) "meet the threshold for transferable work skills." *Orn v. Astrue,* 495 F.3d 625, 639 (9th Cir. 2007). Here, the ALJ found that Plaintiff's daily activities listed in his function report *contradict* his testimony at the hearing. [AR 29.]

Notably, Plaintiff reported extreme limitations in functioning at the hearing. Plaintiff testified that he is unable to stand or walk for more than 20 minutes and needs to elevate his leg when he sits to alleviate the pain. [AR 49-50.] When asked about his daily activities, Plaintiff claimed that he organizes his clothes and personal items at the shelter where he resides, but otherwise does not clean or sweep. [AR 40.] In terms of cooking, Plaintiff stated that the shelter provides meals and the mother of his children cooks for him occasionally. [AR 41.] Plaintiff further

5

testified that he sees his two younger children two or three days a week and his activities with them include "mostly talk[ing]," and playing PlayStation videogames, and watching his son play basketball around the house. [*Id.*] Plaintiff testified that he drove twice a week, mainly to the doctor's office or the store. [*Id.*]

The ALJ reasonably found Plaintiff's assertions that he was extremely limited in functioning not credible in light of the fact that he stated in his function report that he *cooked for his two children*, helped them with homework, put them to bed, *drove them to school in the morning*, and *picked them up from school* in the afternoon. [AR 213-214.] Plaintiff also acknowledged that he was able to *prepare his own meals*, do laundry, and shop in stores for food, clothing, and other items. [AR 215-216.] These statements are inconsistent with Plaintiff's testimony at the hearing that his meals are prepared for him, he only drives twice a week, and that his main activity with his children is "mostly talking." [*Compare* AR 49-50 & AR 213-216.] Plaintiff also stated in his function report that he spent time doing "small mechanic jobs for friends" which the ALJ found to be inconsistent with another statement in the function report that Plaintiff could not stand long enough to shave or get dressed and used a walker to assist with mobility. [*Compare* AR 213 & 214, 219.] Such inconsistences between Plaintiff's activities reported in the function report and his testimony at the hearing support the rejection of his credibility. *See*, *e.g.*, *Thomas*, 278 F.3d at 958-59; *see Orn,* 495 F.3d at 636 (claimant's inconsistencies in testimony relevant when assessing credibility). Accordingly, the ALJ properly relied on inconsistencies between Plaintiff's daily living activities and his subjective complaint to discount his credibility.

**B. Work History**

Second, the ALJ asserted that Plaintiff's limited work history was a clear and convincing reason to discount Plaintiff's testimony. [AR 28-29.] Plaintiff does not dispute this reasoning in his opening brief, but states in his reply brief that "[t]he Commissioner lists factors for evaluating the intensity, persistence, and limiting

6

effects of symptoms, none of which includes work history." [Pltf.'s Reply at 5 (citing Social Security Ruling ("SSR") 16-3p.] However, Plaintiff acknowledged in his opening brief and in an earlier section of his reply brief that "[t]o find the claimant not credible, any ALJ must rely…[on] *work history*" (among other factors). [Pltf.'s Reply at 3 (emphasis added); *see also* Pltf.'s Br. at 7.]

In addition, SSR 16-3p states that:

> If [the Commissioner] cannot make a disability determination or decision that is fully favorable based solely on objective medical evidence, then [the Commissioner] **carefully consider[s] other evidence in the record in reaching a conclusion about intensity, persistence, and limiting effects of an individual's symptoms**. Other evidence that [the Commissioner] considers includes statements from the individual, **medical sources**, and any other sources that might have information about the individual's symptoms, including agency personnel, as well as the factors set forth in our regulations.…Medical sources may offer diagnoses, prognoses, and opinions as well as statements and medical reports about an individual's history, treatment, responses to treatment, **prior work record**, efforts to work, daily activities, and other information concerning the intensity, persistence, and limiting effects of an individual's symptoms.

SSR 16-3p (emphasis added).[2]

The Ninth Circuit has clarified that SSR 16-3p "makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after [the ALJ] find[s] that the individual has a medically determinable impairment(s) that could

---

[2] Although Social Security Rulings "do not carry the force of law," they "are binding on all components of the [SSA]" and are entitled to deference if they are "consistent with the Social Security Act and regulations." 20 C.F.R. § 402.35(b)(1); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009) (internal citation and quotation marks omitted).

7

reasonably be expected to produce those symptoms,' and not to delve into wide–ranging scrutiny of the claimant's character and apparent truthfulness." *Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (as amended) (alterations in original) (quoting SSR 16–3p). Consistent with SSR 16-3p, the Ninth Circuit has held that an ALJ may properly consider a claimant's poor or nonexistent work history in making a negative credibility determination. *Thomas*, 278 F.3d at 958-59 (internal quotation omitted) ("The ALJ may consider at least the following factors when weighing the claimant's credibility…[his] work record"); *see, e.g.*, *Aarestad v. Comm'r of Soc. Sec.*, 450 Fed. App'x. 603, 604 (9th Cir. 2011) (unpublished) (affirming ALJ's determination of claimant's testimony as partially not credible where claimant "worked only sporadically before the alleged onset of disability (which suggests that the claimant's decision not to work was not based on disability)"; *Burkstrand v. Astrue*, 346 Fed. App'x. 177, 179 (9th Cir. 2009) (unpublished) ("limited work history" negatively impacted credibility).

  Here, the ALJ found that although Plaintiff alleged that he stopped working in November 2012 due to his condition, "a review of [Plaintiff's] earnings records reveals no evidence of any work activity performed by him in 2012, or even in the previous year. [AR 28 (citing AR 183).] The ALJ found that "[t]his tends to suggest [that] there may be a non-medical explanation for the [Plaintiff's] unemployment since the alleged onset date, as does the fact that his earnings record [sic] reflect no evidence of substantial gainful activity in any [year] except one or two of the past 15-20 years." [AR 28-29.]

  The ALJ was entitled to determine from Plaintiff's pre-disability work history (or lack thereof) that he lacked motivation to work. Indeed, the Ninth Circuit has expressly approved of an ALJ rejecting a claimant's credibility when the claimant had an "extremely poor work history" reflecting "little propensity to work in h[is] lifetime"—*i.e.*, where a claimant's "work history was spotty, at best, with years of unemployment between jobs, even before []he claimed disability."

8

*Thomas*, 278 F.3d at 959. Thus, the ALJ properly relied on Plaintiff's work history in discounting his credibility.

### C. Limited Treatment

Next, the ALJ discounted Plaintiff's credibility because he found that Plaintiff's treatment for his knee and foot was limited and Plaintiff did not seek follow-up treatment. [AR 28.] It is unquestionable that, in the abstract, such a reason is a proper basis for finding a claimant not to be credible. However, "although a conservative course of treatment can undermine allegations of debilitating pain, such fact is not a proper basis for rejecting the claimant's credibility where the claimant has a good reason for not seeking more aggressive treatment." *Carmickle*, 533 F.3d at 1162. Here, Plaintiff contends that he did not seek additional treatment because "the county offered no further medical services." [Pltf.'s Br. at 9.] However, Plaintiff testified at the hearing that he had been seeing his treating physician since 2002 and did not indicate at the hearing that he was unable to access or afford certain treatments. [AR 50-52.] In fact, the medical record shows that in April 2015, Plaintiff did not respond to a letter requesting him to set up an appointment for physical therapy. [AR 360.] Thus, the ALJ properly found that Plaintiff's failure to seek available follow-up treatment (such as physical therapy) was inconsistent with his allegedly disabling symptomology.

### D. The Objective Medical Evidence

Finally, the ALJ found that Plaintiff's allegations of disabling pain and incapacitating physical limitations are inconsistent with the objective medical evidence. [AR 28-29.] The ALJ provided a thorough summary of the medical record in his decision. Furthermore, Plaintiff does not challenge the ALJ's determination of weight afforded to the findings and opinions of the various physicians. However, Plaintiff argues that there was evidence in the record that substantiated his physical impairments. [Pltf.'s Br. at 8-11.] Because the Court has already determined that sufficient evidence supported the ALJ's decision to discount

Plaintiff's subjective complaints, it need not determine whether the ALJ materially erred in considering this final reason for discrediting Plaintiff's testimony. *See Carmickle*, 533 F.3d at 1162-63 (finding an error by the ALJ with respect to one or more factors in a credibility determination may be harmless if the ALJ's "remaining reasoning and ultimate credibility determination were adequately supported by substantial evidence in the record" (internal citation omitted).

*****

Accordingly, the Court concludes that the ALJ provided clear and convincing reasons, supported by substantial evidence, for finding Plaintiff less than fully credible, and thus, there is no error warranting reversal and remand.

### V. CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

**IT IS SO ORDERED.**

DATED: February 27, 2018

_____

GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE